### DUSHINSKY v. DUSHINSKY.

(Supreme Court, Appellate Division, First Department.   July 7, 1905.)

HUSBAND AND WIFE—DECREE OF SEPARATION—ALIMONY.

Where, in an action by a husband for separation, it appeared on a motion by defendant for an increase of alimony and for a counsel fee that plaintiff was paying defendant $8 a week for support under an order of a magistrate on a hearing in abandonment proceedings, and that plaintiff was earning, according to the moving papers, from $40 to $50 a week, and had $500 in the bank, but the answering affidavit showed that he had no money in the bank, and only earned $15 a week, and his employer testified that plaintiff would shortly be laid off for at least a couple of months, $8 a week, as a substitute for the magistrate's order, would be allowed as alimony, and $25 as counsel fees.

Appeal from Special Term, New York County.

Action by Joseph Dushinsky against Stella Dushinsky for a separation. From an order denying defendant's motion for an increase of alimony and for a counsel fee, she appeals. Modified and affirmed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Alexander Pfeifer, for appellant.

Sigmund S. Rotter, for respondent.

PER CURIAM. The moving papers disclose that the husband brought an action against his wife to obtain a decree of separation. The defendant, in answer thereto, denied the averments of the complaint, and also set up an affirmative defense by way of counterclaim, and demanded judgment in her favor for a separation. It does not appear that any award of alimony has ever been made. The parties were living separate and apart before the commencement of the action, and in December, 1904, prior to its commencement, the defendant caused the plaintiff to be arrested for abandonment, and upon a hearing before a magistrate the plaintiff was directed to pay to the defendant $8 a week for support and maintenance, which sum of money has been paid since that time. The moving papers tend to establish that the plaintiff was earning from $40 to $50 a week, and that he had in bank about the sum of $500. The answering affidavit shows that the plaintiff has no bank account or other money or property aside from his earnings; that he only earns $15 weekly. As to the amount of his earnings, he is supported by his employer, who testifies that his work is not steady, and that in two weeks from the time when the application was made he would be laid off from his employment, on account of the character of the business, for at least two months. The answering affidavit further tends to show that the plaintiff lives with his mother, a widow, who is supported by him. It is therefore fairly made to appear that the plaintiff is not able to pay any considerable amount of alimony or counsel fees, and to enlarge the sum beyond the amount he is able to pay may result in depriving the defendant of that of which she is already in receipt. Under these circumstances, we think the proper disposition of the case to be an allowance of $8 per week as alimony—the order therefor to be a substitute for the order of the magistrate directing such payment—and the further allowance of the sum of $25 as counsel fee.

The order will therefore be modified in this respect, and, as modified, affirmed, without costs to either party in this court.